UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DUSHON FOSTER, | ) | CASE NO. CV 11-08725 DSF (RZ) |
| Petitioner, | ) | |
| vs. | ) | ORDER SUMMARILY DISMISSING HABEAS PETITION AS DISGUISED AND SUCCESSIVE § 2255 MOTION |
| HECTOR RIOS, JR., Warden, | ) | |
| Respondent. | ) | |

The Court will dismiss this putative 28 U.S.C. § 2241 habeas petition summarily because the face of the petition, combined with judicially-noticeable information, indicates that it is an abusive, disguised motion under 28 U.S.C. § 2255. Petitioner asserts a challenge to his federal criminal sentence that may only be asserted in the sentencing court, the Southern District of New York, pursuant to § 2255. Indeed, as discussed below, it appears he did assert it there, unsuccessfully. His current resort to asserting such challenges here, having relabeled them as a putative § 2241 petition, is obviously improper.

///
///
///
///

# I.

# BACKGROUND

Petitioner Dushon Foster, who is represented by counsel, is a federal prisoner housed in Atwater, California, in Merced County and, therefore, in the Eastern District of California. *See* 28 U.S.C. § 84(b). In 2003, a federal jury in the Southern District of New York convicted him of racketeering and weapons offenses. District Judge Naomi Reice Buchwald sentenced Petitioner to 18 years in prison. *See generally* docket in *United States v. Foster* (also listed as *United States v. Portee*), No. 01-CR-00450 NRB (S.D.N.Y); Pet. at 4 (specifying 18-year sentence).

Petitioner's principal argument here is that a portion of his sentence improperly exceeds the statutory maximum, in violation of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *See* Pet. at 8-9. (Briefly stated, *Booker* held that the Sixth Amendment partially limits the power of district courts to enhance sentences beyond Federal Sentencing Guidelines.) Petitioner repeatedly has made this argument before, in proper venues, each time without success.

He first did so on direct review. The Second Circuit largely affirmed, but it remanded for the trial court to determine whether Petitioner's sentence, which included two upward departures from the Guidelines, ran afoul of *Booker*. *See United States v. Foster*, 127 Fed.Appx. 537 (2d Cir. 2005). On December 13, 2005, Judge Buchwald issued a five-page opinion concluding that the original sentence was proper under *Booker*. *See United States v. Foster*, No. 01-CR-00450 NRB, 2005 WL 3434641 (S.D.N.Y. Dec. 13, 2005) (memorandum and order). Petitioner appealed again, but the Second Circuit affirmed on September 15, 2006. *United States v. Foster*, 196 Fed.Appx. 42 (2d Cir. 2006).

Over thirteen months passed. On October 26, 2007, Petitioner filed a 28 U.S.C. § 2255 motion. Judge Buchwald denied the motion and denied a Certificate of Appealability in a 14-page ruling on July 14, 2008. *See* docket in *United States v. Foster,* No. 01-CR-00450 NRB (S.D.N.Y) (docket entry # 297). The Second Circuit also rejected a Certificate of Appealability on April 2, 2009. *Id*. (docket entry # 310).

Another year and a half passed. On November 12, 2010, Petitioner filed what he called a motion seeking "a Writ of Error *Coram Nobis* and/or *Audita Querela*," challenging his sentence as improperly enhanced in violation of *Booker* doctrine. *Id.* (docket entry # 320). That motion initially was filed as a new action before effectively being consolidated with Petitioner's main criminal action. *See* docket in *Foster v. United States*, No. 01-CV-09440 NRB (S.D.N.Y) (motion is docket # 1). As in the current petition, Petitioner argued in that motion that his sentence exceeded the statutory maximum. *See id.* (motion) at 3-4. (For ease of reference, the Court has attached a copy of the Petition as Appendix A to this Order.) Specifically, Petitioner argued that his eight-year sentence on Count 1 improperly exceeded the statutory maximum three-year term for the underlying offense. He cited 18 U.S.C. § 1959(a)(6) (three-year maximum sentence "for attempting or conspiring to commit a crime involving . . . assault with a dangerous weapon") and *United States v. McLeod*, 251 F.3d 78 (2d Cir. 2001) as authority for reducing the sentence. In the current petition, Petitioner again attacks his eight-year sentence on Count 1 and again cites *McLeod* and 18 U.S.C. § 1959(a)(6). *See* Pet. at 9-10.

Judge Buchwald construed the *coram nobis* petition as another § 2255 motion. Because Petitioner already had sought such relief unsuccessfully and did not have the required Court of Appeals authorization for filing a successive § 2255 motion, *see* 28 U.S.C. §§ 2244(a), 2255(h), Judge Buchwald transferred the matter to the Second Circuit on December 16, 2010. *See* docket in *United States v. Foster,* No. 01-CR-00450 NRB (S.D.N.Y) (docket entry # 321). On May 23, 2011, the Second Circuit issued an order explaining (1) that Judge Buchwald "correctly construed" the *coram nobis* petition as a successive § 2255 motion, and (2) that "Petitioner acknowledges that he cannot meet the requirements for obtaining permission from this Court to file a successive § 2255 motion" and, in light of that shortcoming, had asked for a voluntary dismissal. The appellate court obliged and ordered the appeal dismissed voluntarily. *Foster v. United States*, No. 11-112 (2d. Cir., filed May 23, 2011).

Petitioner now presents the same challenge that failed in the trial court and Second Circuit as a § 2255 motion, having repackaged it as a 18 U.S.C. § 2241 petition.

## II.

## DISCUSSION

28 U.S.C. § 2255 generally provides the sole procedural mechanism by which a federal prisoner may test the legality of his detention. *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000). That section bars courts from entertaining most habeas petitions where "it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief[.]" In light of this rule, the statute on its face appears to bar the present action. Section 2255 itself permits resort to a 28 U.S.C. § 2241 petition when a § 2255 motion is "inadequate or ineffective to test the legality of [the] detention." 28 U.S.C. § 2255. This clause is sometimes referred to as the "escape hatch" to § 2255's exclusivity provision. *Lorentsen*, 223 F.3d at 953.

Only rarely is § 2255's escape hatch available. A § 2255 motion cannot and should not be viewed as "inadequate" merely because the sentencing court has denied relief on the merits. *Id*. Any contrary ruling would nullify the statute's gatekeeping provisions, and Congress then would have accomplished little in its attempts to limit federal collateral review in passing laws such as the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Triestman v. United States*, 124 F.3d 361, 374-76 (2nd Cir. 1997) (discussing Congressional intent to narrow collateral attacks).

"Along with many of our sister circuits," the Ninth Circuit has explained,

> we have held that a § 2241 petition is available under the "escape hatch" of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an "unobstructed procedural shot" at presenting that claim.

1 *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006) (collecting cases).[1]

2 Here, opening the "escape hatch" is unwarranted. Petitioner has had an unobstructed procedural shot at obtaining relief. The mere fact that Petitioner missed that shot – that is, the fact that the Second Circuit denied his *coram nobis* petition, properly reconstrued as a successive § 2255 motion (and, in turn, as Petitioner's implicit application for leave to file a successive § 2255 motion in the trial court), does not somehow render the prior proceedings "inadequate or ineffective" for purposes of allowing a § 2241 "escape hatch" petition. Moreover, even if Petitioner's argument here differed from his *Booker*

---

[1] Those courts which have found that a § 2255 motion would be "ineffective" or "inadequate" have done so when, due to unusual circumstances, the absence of any avenue for collateral review would raise serious constitutional questions. An example is the series of cases arising in the wake of *Bailey v. United States*, 516 U.S. 137, 116 S.Ct.501, 133 L.Ed.2d 472 (1995). *See Sustache-Rivera v. United States*, 221 F.3d 8, 16 n.13 (1st Cir. 2000) ("The case law has come from the courts of appeals in the context of determining when the savings clause should apply, mainly in the wake of *Bailey*.").

In *Bailey*, the Supreme Court held that a defendant charged with "using" a firearm in violation of 18 U.S.C. § 924(c) cannot be convicted on that charge unless he actively employed the weapon. 516 U.S. at 150. Prior to *Bailey*, many circuits upheld convictions under 18 U.S.C. § 924(c) upon a showing of something less than "active employment" of the firearm. The Ninth Circuit, for example, affirmed convictions under § 924(c) upon a showing of mere possession. *United States v. Torres-Rodriguez,* 930 F.2d 1375, 1385 (9th Cir. 1991), *abrogated by Bailey, supra*. Following *Bailey*, many prisoners who already had filed unsuccessful, pre-*Bailey* § 2255 motions filed § 2241 petitions seeking to overturn their convictions. A few courts have allowed those prisoners to proceed on their § 2241 petitions on the grounds that these prisoners could not have raised their claims of innocence in an effective fashion at an earlier time, and that serious due process questions would arise if Congress were to close off all avenues of redress in such cases. *See, e.g., Triestman, supra*, 124 F.3d at 379; *In re Hanserd*, 123 F.3d 922, 929-930 (6th Cir. 1997); *In re Dorsainvil*, 119 F.3d 245, 251 (3rd Cir. 1997); *United States v. Lorentsen*, 106 F.3d 278, 279 (9th Cir. 1997).

One such avenue for redress is a motion to correct the sentence under 28 U.S.C. § 2255, solely in the sentencing court. A successive motion under § 2255 may be entertained only based on newly discovered evidence or a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. 28 U.S.C. § 2255(h). (Claims under *Bailey* cannot form the basis of a successive § 2255 motion because *Bailey* construed a statute, not the Constitution. Therefore, some courts have held, the escape hatch opens, because a serious due process concern would arise if no mechanism exists to adjudicate the claim. *See United States v. Brooks*, 230 F.3d 643, 647-48 (3rd Cir. 2000) (collecting cases).)

1  arguments in the trial court and the Second Circuit, the fact remains that he *could have*
2  *made* his current challenges in those courts. What the Second Circuit has refused to allow,
3  namely a successive § 2255 motion, this Court cannot properly grant.

## III.
## CONCLUSION

For the foregoing reasons, the action is DISMISSED without prejudice to Petitioner's pursuit of relief in the Southern District of New York, the Court of Appeals for the Second Circuit or the United States Supreme Court.

DATED:   12/6/11

*[signature]*

DALE S. FISCHER
UNITED STATES DISTRICT JUDGE

Appendix A:
   Copy of Nov. 12, 2009 "Notice of Motion" (*Coram Nobis* petition) in *Foster v. United States*, No. 01-CV-09440 NRB (S.D.N.Y) (docket # 1)